IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02484-GPG

MARIZA R. SKINNER,

    Plaintiff,

v.

ALAMO RENT-A-CAR,

    Defendant.

ORDER OF DISMISSAL

    Plaintiff, Mariza R. Skinner, acting *pro se*, initiated this action by filing a Complaint and Application to Proceed in District Court Without Prepaying Fees or Costs. After denying Plaintiff's request to proceed *in forma pauperis* under 28 U.S.C. § 1915, Plaintiff paid the $400.00 filing fee on December 10, 2015.

    The Court must construe all pleadings liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action with prejudice as legally frivolous.

    A court has the inherent authority to dismiss an action as frivolous and malicious regardless of a plaintiff's filing fee status. *See Mallard v. U.S. District Court for Southern Dist. of Iowa*, 490 U.S. 296, 307-08 (1989); *see also Williams v. Madden,* 9 Fed. App'x 996, 998 n.1 (10th Cir. June 13, 2001 (unpublished) (noting agreement with

the district court that while the *in forma pauperis* statute authorizes courts to dismiss a frivolous or malicious action, "there is little doubt they would have power to do so even in the absence of this statutory provision.") (citing *Mallard*).

In the Complaint, Plaintiff claims that her rights under Title III of the Americans with Disabilities Act (ADA) were violated when Defendant Alamo-Rent-A-Car "failed to accommodate my disability" by "refusing to make reasonable modifications in policy and procedure that would have otherwise facilitated the timely return of the Plaintiff's rented vehicle and keys." (ECF No. 1 at 3-4). Plaintiff specifically contends that no agent was available to assist Plaintiff at 2:30 a.m. on October 31, 2015 when she attempted to return the car and keys, and that she was unable to locate the key drop box. (*Id.* at 4-5). Plaintiff further contends that Defendant failed to provide reasonable accommodations for her disabilities, including "an emergency off hours handicap accessible parking space," "auxiliary aids, specifically, visible signage to ensure effective communication indicating the exact location of the key drop box," and "an available on-call agent for emergencies." (*Id.* at 5). She also asserts claims for pain and suffering and reckless endangerment. (*Id.* at 7-8). She seeks compensatory damages in the amount of $15,000.00. (*Id.* at 9).

Plaintiff's claim for damages under Title III of the ADA is legally frivolous. Title III of the ADA prohibits discrimination against the disabled in public accommodations. *See* 42 U.S.C. § 12182(a). However, pursuant to 42 U.S.C. § 12188(a), Plaintiff's "sole remedy for a Title III claim is injunctive relief." *Phillips v. Tiona*, 508 F. App'x 737, 754 (10th Cir. 2013); *see also Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004) ("A private individual may only obtain injunctive relief for violations of a right

granted under Title III; he cannot recover damages."). The Court also notes that, even if Plaintiff requested injunctive relief, she is not entitled to injunctive relief based on an alleged ADA violation that occurred in October 2015. See *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) ("When a party seeks only equitable relief, . . . past exposure to alleged illegal conduct does not establish a present live controversy if unaccompanied by any continuing present effects."). Therefore, the instant action must be dismissed.

As for Plaintiff's pain and suffering and reckless endangerment claims, they are state-law claims. The Court declines to assert supplemental jurisdiction over the claims, because Plaintiff's ADA claim will be dismissed. See 28 U.S.C. § 1367(c)(3). Accordingly, it is

ORDERED that the Complaint (ECF No. 1) and the action are dismissed with prejudice as legally frivolous.

DATED at Denver, Colorado, this  18th  day of   December  , 2015.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court